IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

**MARK S. SMITH, JR.,**

    **Plaintiff,**

**v.**

                            **No. 09-CV-1064-DRH-DGW**

**WACKER NEUSON CORPORATION**
**and WACKER NEUSON SE,**

    **Defendants.**
_____
**WACKER NEUSON CORPORATION**
**and WACKER NEUSON SE,**

    **Third-Party Plaintiffs,**

**v.**

**FONTANA CONTRACTING COMPANY**
**and WESCON PRODUCTS COMPANY,**
**a subsidiary of Latshaw Enterprises, Inc.,**

    **Third-Party Defendants.**

### MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Pending before the Court is Wacker Neuson Corporation and Wacker Neuson SE's September 16, 2011 motion for finding of good-faith settlement (Doc. 84). Specifically, these defendants move the Court to enter an order finding the following: (a) finding the proposed Settlement Agreement for the payment of $500,000.00 is a good-faith settlement pursuant to the Illinois Contribution Among Tortfeasors Act;

(b) finding that all claims of plaintiff Smith against defendants, and the third-party defendant Wescon Products Company are released by that Settlement Agreement; (c) finding that the claims of plaintiff Smith in this lawsuit are dismissed with prejudice and without costs; (d) finding that the pro rata liability between the two named defendants to the plaintiff is apportioned one hundred percent to Wacker Neuson Corporation and zero percent to Wacker Neuson SE; (e) that the amount paid by Wacker Neuson Corporation to plaintiff is a fair and reasonable sum based upon the recoverable damages which plaintiff could recover at trial; (f) finding that the third-party contribution action of Wacker Neuson Corporation against Wescon Products Company is not dismissed and will continue to proceed before this Court; and (g) to allow Wacker Nueson Corporation leave to amend the third-party complaint for contribution against Wescon Products Company to conform to the terms of the proposed Settlement Agreement. On September 26, 2011, third-party defendant Wescon Products filed a response to the motion stating that it does not object to the motion except that it objects to a finding of good faith settlement pursuant to Illinois Contribution Among Joint Tortfeasors Act and it objects to a finding that the third-party contribution claim should continue as the contribution claim should be dismissed when the settlement is made. Defendants filed a reply addressing Wescon Product Company's objections (Doc. 88). Based on the following, the Court **GRANTS** the motion for good faith settlement and other relief.

Here, the Court finds that based on the settlement amount ($500,000.00), the medical bills (in excess of $118,000.00), the lost wages (in excess of $47,000.00), the

type of injuries incurred (femur fracture which resulted in intramedulary nailing of the femur and post-operative complications), and the prognosis as outline in Dr. Meyers' report that the settlement is in good-faith. Further, the record demonstrates that the settlement was reached as a result of extended negotiations, both in third-party mediation and in Court sponsored mediation settlement conferences and ongoing settlement conferences. Moreover, the settlement agreement provides that plaintiff releases and discharges Wescon Products Company's from any and all claims which could be brought by plaintiff on account of the incident or subject lawsuit. It also states that plaintiffs and defendants wish to ""fully compromise" and settle plaintiff's lawsuit "as to the claims of Mark Smith against Wacker, Wescon and Fontana." Clearly, the settlement is reasonable and made in good-faith. Moreover, utilizing either Illinois law or Missouri law, the Court finds that Wacker may still seek contribution in tort from Wescon Products Company because it has extinguished Wescon Products Company's liability to plaintiff through the settlement. *See Orejel v. York Int'l* Corp., 678 N.E.2d 683 (Ill. App. Ct. 1997); *Missouri Pacific Railway Co. v. Whitehead & Kales*, 566 S.W.2d 466, 473-74 (Mo. 1978)(Court held defendant has a right to seek contribution, by instituting third-party proceedings, against other joint tortfeasors whom plaintiff has chosen not to sue.); *Greenstreet v. Rupert*, 795 S.W.2d 539, 540 (Mo. App. 1990); *Gramex Corp. v. Green Supply, Inc.*, 89 S.W.3d 432, 443 (Mo. 2002).

Accordingly, the Court **GRANTS** defendants' motion for finding of good-faith settlement and other relief (Doc. 84). The Court **FINDS** the following:

(a) that the proposed Settlement Agreement for the payment of $500,000.00 is a good-faith settlement pursuant to the Illinois Contribution Among Tortfeasors Act;

(b) that all claims of plaintiff Smith against defendants and the third-party defendant Wescon Products Company are released by the Settlement Agreement;

(c) that the claims of plaintiff Smith in this lawsuit are dismissed with prejudice and without costs;

(d) that the pro rata liability between the two named defendants to the plaintiff is apportioned one hundred percent (100%) to Wacker Neuson Corporation and zero (0%) percent to Wacker Neuson SE;

(e) that the amount paid by Wacker Neuson Corporation to plaintiff is a fair and reasonable sum based upon the recoverable damages which plaintiff could recover at trial; and

(f) that the third-party contribution action of Wacker Neuson Corporation against Wescon Products Company is not dismissed and will continue to proceed before this Court.

Further, the Court **ALLOWS** Wacker Nueson Corporation, up to and including October 27, 2011, to file an amended third-party complaint for contribution against Wescon Products Company to conform to the terms of the proposed Settlement Agreement.

**IT IS SO ORDERED.**

Signed this 13th day of October, 2011.

Digitally signed by David R. Herndon
Date: 2011.10.13 11:10:18 -05'00'

**Chief Judge**
**United States District Court**